# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2010

Lyle W. Cayce
Clerk

No. 09-20405
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL ALFONSO AREVALO, also known as Alexander Eli Arevalo, also known
as Abel Alfonso Arevaldo, also known as Abel Arevalo, also known as Abel A.
Arevalo, also known as Ableabel Alfonso Arevalo, also known as Alexander
Arevalo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-806-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abel Alfonso Arevalo appeals the sentence imposed following his guilty
plea conviction for being unlawfully present in the United States following
removal.  The district court sentenced Arevalo to 70 months of imprisonment,
the lowest sentence within the guidelines sentence range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

For the first time on appeal, Arevalo argues that the district court did not provide sufficient reasons for the sentence. Because Arevalo did not object to the district court's failure to explain the sentence, he acknowledges that plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Arevalo argues that the district court erred by not providing more detailed reasoning for the sentence because he raised numerous nonfrivolous arguments for a downward departure or variance from the guidelines sentence range. Based on our review of the sentencing hearing and the remainder of the sentencing record, we conclude that the district court's comments at sentencing were sufficient. Arevalo is correct that under *Rita v. United States*, 127 S.Ct. 2456 (2007), when a district court is presented with nonfrivolous arguments for a sentence outside the guidelines more than a brief statement of reasons is required even if the court imposes a sentence within the guidelines. However, *Rita* and our cases following *Rita* make clear that much less than a full discussion is required. In *Rita,* "the Court noted that the record made clear that the judge listened to and considered the arguments and evidence but simply found the circumstances insufficient to warrant a sentence below the Guidelines range." *United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008). The judge's comments regarding the sentence were limited to a statement that the guideline range was not 'inappropriate' and that a sentence at the bottom of the range was 'appropriate.' *Rita*, 127 S.Ct. at 2469. Although the Court acknowledged that the judge might have said more, he was not required to do so. *Id.*

In this case, the district court at sentencing heard the defendant's and his attorney's arguments for a sentence below the guideline range. They argued that most of his criminal history was due to his drug addiction, that he was culturally assimilated in the United States, that he returned to the United States because El Salvador was plagued with persecution and gang violence

which involved the threat of physical injury, that he had a plan to relocate to El Salvador with his wife, that he had survived an abusive childhood that resulted in untreated depression, that he provided guidance to his sister's children, that his remote 2001 conviction was responsible for the 16-level enhancement that significantly raised his guidelines sentence range, and that the sentence was far longer than any sentence he had previously received. Arevalo also argued that he should get credit for his time in immigration custody. The government recommended a sentence at the low end of the guideline range, but addressing the sentencing factors pointed out that Arevalos's lengthy criminal history involved drugs, guns and burglary. The government also addressed the factor of deterrence because of Arevalos's extensive family in the United States and the draw to return again once he is deported after serving his sentence. The probation office recommended a sentence in the mid-range due to Arevalos's criminal record. After questioning the defendant about his family situation and career, the district court stated that although he liked the defendant on a personal level he was disturbed by his record. The arguments and the judge's comments addressed several sentencing factors, including the history and characteristics of the defendant, and the need for adequate deterrence. 18 U.S.C. § 3553(a). In addition, when the defendant raised the issue of his time in immigration custody, the court stated that he used the bottom of the guidelines for that reason. The court's statements, though minimal, provide a sufficient basis for appellate review and satisfy the standard set in *Rita*.

Even if the district court erred by failing to explain why it had rejected Arevalo's nonfrivolous arguments for a sentence below the guidelines range, as Arevalo acknowledges, he cannot show that an explanation would have affected his sentence. Therefore, he cannot show that the error affected his substantial rights or constituted reversible plain error. *See Mondragon-Santiago*, 564 F.3d at 363-64, 365.

Arevalo also argues that the sentence was substantively unreasonable. He maintains that a presumption of reasonableness should not apply to his within guidelines range sentence because the Guideline upon which it was based, U.S.S.G. § 2L1.2, is not empirically based.  As Arevalo acknowledges, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *Mondragon-Santiago*, 564 F.3d at 366-67.  Because Arevalo did not object to the substantive reasonableness of the sentence, plain error review applies. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Acknowledging that a presumption of reasonableness applies, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), Arevalo asserts that the presumption is rebutted by the facts and circumstances of this case.  Citing primarily cases from the Ninth Circuit, Arevalo argues that the presumption of reasonableness has been rebutted because of the same factors that he relied on in his argument for a sentence below the guideline range.  While Arevalo provided significant mitigating evidence, his substantial criminal record was an aggravating factor.  The district court had before it both mitigating and aggravating factors and implicitly balanced these factors and determined that a sentence at the low end of the guidelines range was appropriate.  Considering the totality of the circumstances, as we must, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Arevalo has not shown that the sentence was unreasonable or plainly erroneous. *See Rita*, 551 U.S. at 359-60; *Peltier*, 505 F.3d at 392-94.

AFFIRMED.